**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| Grady L. Jackson, ) | |
| ) | |
| Plaintiff, ) | **ORDER ADOPTING REPORT** |
| ) | **AND RECOMMENDATION** |
| vs. ) | |
| ) | Case No. 4:12-cv-017 |
| Krista A. Thompson, Ward County Peace ) | |
| Officer; Ms. Kelly Dillon, Ward County ) | |
| Assistant State's Attorney; and Gary H. ) | |
| Lee, Ward County District Judge, ) | |
| ) | |
| Defendants. ) | |

On March 2, 2012, plaintiff Grady L. Jackson filed a PLRA packet. See Docket No. 7. Jackson alleges he was unlawfully stopped by Officer Krista Thompson and arrested for driving under suspension. Kelly Dillon prosecuted the case before Judge Gary H. Lee in Ward County District Court. Judge Lee sentenced Jackson to one year in Ward County Jail. The conviction and sentence were summarily affirmed by the North Dakota Supreme Court. State v. Jackson, 2011 ND 178, 803 N.W.2d 834. Jackson is African-American and alleges he was discriminated against because of his race. Jackson was in custody when he filed his complaint, but has since been released. Jackson makes the following claims, (1) his traffic stop was pretextual and motivated by race, (2) Officer Thompson perjured herself at trial, (3) Dillon engaged in malicious prosecution, (4) the trial was unfair because the only minority member of the jury panel was removed, (5) Dillon suborned Thompson's perjury, and (6) the one year sentence is unconstitutional.

On March 27, 2012, Magistrate Judge Charles S. Miller, Jr. filed a Report and Recommendation. Judge Miller concluded Jackson states a cognizable claim related to the allegedly pretextual stop. However, Judge Miller concluded that Officer Thompson enjoys absolute immunity

from civil liability arising from her testimony at trial; Jackson's malicious prosecution and unfair trial claims fail because the conviction has not been invalidated; Dillon enjoys prosecutorial immunity; Jackson's sentence was not unconstitutional because one year is the statutory maximum for a Class A misdemeanor; and Judge Lee has judicial immunity from suit. As a result, Judge Miller made the following recommendation:

1) Jackson be allowed to proceed with his claim against Thompson regarding the allegedly pretextual stop;

2) The Court dismiss the remainder of Jackson's claims; and

3) The clerk's office should arrange for service of the complaint along with a copy of the court's order upon Thompson.

See Docket No. 12.

Jackson filed an objection to the Report and Recommendation on April 11, 2012, and a supplemental brief on July 5, 2012. See Docket Nos. 13 and 18.

The Court finds the Report and Recommendation (Docket No. 12) to be persuasive and **ADOPTS** it in its entirety. The Court **ORDERS** that:

1) Jackson be allowed to proceed with his claim against Thompson regarding the allegedly pretextual stop;

2) The remainder of Jackson's claims are **DISMISSED**; and

3) The clerk's office arrange for service of the complaint along with a copy of this order upon Thompson.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2012.

                                                 */s/ Daniel L. Hovland*
                                                 Daniel L. Hovland, District Judge
                                                 United States District Court